**Dibrell WALDRIP et al., Appellants,**

v.

**COUNTY BOARD OF SCHOOL TRUSTEES OF GUADALUPE COUNTY, Texas, et al., Appellees.**

No. 13223.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 6, 1957.

Rehearing Denied Nov. 27, 1957.

Elbert R. Jandt, Seguin, for appellants.

W. Roy Scruggs, Seguin, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Victor Vinyard, George Elam, Dibrell Waldrip and Everett Whitten, describing themselves as residents of the Staples Community and Guadalupe County, Texas, against the County Board of School Trustees of Guadalupe County, the Trustees of the Seguin Independent School District, the Trustees of the San Marcos Independent County Line, Hays, Caldwell and Guadalupe Counties School District, and the Hays County Board of School Trustees, seeking to have an order of the court restraining the Guadalupe County School Board from de-annexing or detaching the territory known as the Staples Area and attaching the same to the San Marcos District, and enjoining all of the above school districts from carrying out such de-annexation from the Guadalupe School District and the attachment of Staples Area to the San Marcos District.

The trial court refused to grant the injunction and the plaintiffs below have appealed.

Appellants contend that there was valuable physical property, such as school buildings and grounds located within the detached territory, and that the school boards were without authority to effect this transfer of territory without first paying the

Guadalupe District for such buildings and grounds, or in some way adjusting the equities between the two districts.

A majority of the resident voters of the Staples Area petitioned the County Board of School Trustees of Guadalupe County for such detachment and annexation, under the provisions of Art. 2742f, Sec. 1, Vernon's Ann.Civ.Stats. After a hearing, said County Board granted such petition and entered its order detaching the area from the Seguin District and attaching it to San Marcos District. This order was authorized by the above statute and was legal in every way. There is nothing in the statutes which would require that the San Marcos District pay the Guadalupe District for the school buildings and grounds located in the Staples Area before such an order would be valid.

If it be true that there should be some kind of an adjustment of property rights between the two school districts, this fact would not render the detaching and annexing order void, because it is a matter that could be settled between the two districts after the order became effective.

The trial court properly refused to grant the injunction.